IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
At Bluefield

**BLUESTONE COAL CORPORATION,**

    *Plaintiff,*

v.

                                 1:07-CV- *0549*
                              Removed Case No. 07-C-216-S
                              From the Circuit Court of
                            McDowell County, West Virginia

**CNX LAND RESOURCES, INC.,**
**CONSOL ENERGY INC.,**
**PETER B. LILLY,**
**J BRETT HARVEY,** *and*
**RONALD G. STOVASH,**

    *Defendants.*

## NOTICE OF REMOVAL

TO:   **Plaintiff, Bluestone Coal Corporation and**
       **Paul T. Tucker, Esq., Its Attorney, and the**
       **Circuit Clerk, Circuit Clerk of McDowell County, West Virginia**

     1.     Defendants CNX Land Resources, Inc. ("CNX") and Consol Energy Inc. ("CONSOL") (collectively, "the Corporate Defendants") and Peter B. Lilly and J. Brett Harvey (collectively, along with Defendant Ronald G. Stovash, "the Individual Defendants") hereby remove this civil action from state court to federal court.

     2.     Plaintiff, Bluestone Coal Corporation, commenced the above-entitled action in the Circuit Court of McDowell County, West Virginia. The Complaint was duly filed in the Office of Clerk of said court on August 1, 2007. A copy of the docket sheet, Summons, and Complaint are attached hereto as Exhibits 1, 2, and 3, respectively.

     3.     The Secretary of State accepted service of the same on behalf of the Corporate Defendants on or about August 8, 2007 and on behalf of Individual Defendants Harvey and Lilly

on August 7, 2007.  Plaintiff purported to effect service on Defendant Stovash by certified mail delivered August 9, 2007, which was not signed for by Defendant Stovash but by his spouse.

      4.        Plaintiff alleges that the Corporate Defendants breached a commercial contract with Plaintiff.  (Count I.)  Plaintiff further alleges that the Individual Defendants "fraudulently breached" the same contract by telling Plaintiff that the Corporate Defendants interpreted the contract differently from Plaintiff and by then telling Plaintiff that the "contract with [the Corporate Defendants] would be honored," even though the Individual Defendants supposedly "knew or should have known" that the Corporate Defendants instead planned to subsequently breach the contract.  (Count II.)

      5.        The amount in controversy exceeds $75,000 dollars as the complaint seeks $800,000,000.00 in damages.

      6.        There is complete diversity between the sole plaintiff and all of the defendants. According to Plaintiff's Complaint:  Plaintiff is a West Virginia corporation with its principal place of business in West Virginia, *see* 28 U.S.C. § 1332(c)(1);  both of the Corporate Defendants are Delaware corporations with their principal place of business in Pennsylvania; and Individual Defendants Lilly and Harvey are citizens of Pennsylvania.  As explained, *infra*, the Court may disregard the citizenship of Defendant Stovash, who has been fraudulently joined in order to defeat diversity.[1]

      7.        Likewise, none of the parties in interest *properly* joined and served as defendants is a citizen of the State in which such action is brought.  *See* 28 U.S.C. § 1441(b).

      8.        The United States District Court for the Southern District Court of West Virginia therefore has jurisdiction.  *See* 28 U.S.C. § 1332(a)(1) (diversity) and 28 U.S.C. § 1441(a).

---

[1]      As will be demonstrated in the Individual Defendants' soon-to-be-filed Motion to Dismiss, the Complaint also fails to state a claim against Defendants Harvey and Lilly, although that point is irrelevant for the purposes of removal, as both are residents of Pennsylvania.

9.      Because Plaintiff has fraudulently joined Defendant Stovash, the Court should disregard his West Virginia citizenship. In order to show fraudulent joinder, a defendant must demonstrate either "outright fraud in the plaintiff's pleading of jurisdictional facts" or that "there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court." *Marshall v. Manville Sales Corp.*, 6 F.3d 229, 232 (4th Cir. 1993) (internal quotation marks omitted).

10.     Although Defendants can easily demonstrate that Plaintiff's pleading of the factual circumstances of Mr. Stovash's involvement in the case so utterly lacks any basis whatsoever that it might rise to the level of actual fraud, Defendants nevertheless focus on the fact that Plaintiff cannot possibly, as a matter of law, establish a cause of action against Mr. Stovash, because Count II (the only claim against any of the Individual Defendants (including Defendant Stovash)) fails to state a claim against him (or either of the other Individual Defendants).

11.     In Count II, Plaintiff alleges what it denominates as "fraud." It is clear from the face of the Complaint, however, that Plaintiff has alleged nothing more than a mere breach of contract—a contract to which the Individual Defendants are undisputedly *not* parties. In other words, Plaintiff has completely failed to state the elements of fraud under West Virginia law.[2]

---

[2]     Defendants assume for the purposes of resolving this issue that West Virginia law governs all substantive questions, *see Erie R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938), including law on choice of law, *see Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941). Which state's law West Virginia courts apply depends on the nature of the legal question. *See Liberty Mut. Ins. Co. v. Triangle Indus., Inc.*, 182 W. Va. 580, 583, 390 S.E.2d 562, 565 (1990) ("We must first identify the type of issue involved in order to determine what conflict of law rule to apply."). For questions of contract law, West Virginia courts follow the RESTATEMENT (SECOND) OF CONFLICTS § 196, which, in turn, would suggest West Virginia, the place of performance. *See* syl. pt., *New v. Tac & C Energy, Inc.*, 177 W. Va. 648, 355 S.E.2d 629 (1987). For questions of tort law, West Virginia applies the tort law of the state where the tort occurred, *see* syl. pt. 1, *Paul v. Nat'l Life*, 177 W. Va. 427, 352 S.E.2d 550 (1986) ("In general, this State adheres to the conflicts of law doctrine of *lex loci delicti*."), which would also suggest West Virginia.

3

12.     Plaintiff's theory proceeds thusly:  On June 2, 2003, Plaintiff and the Corporate Defendants entered into a contract whereby Plaintiff "acquired a 24-month *first right of refusal* to mine" certain coal.  (Compl. ¶ 9 (emphasis added).)  The contract was negotiated by Plaintiff's president, Mr. Justice, and CNX's president, Mr. Stanhagen (neither of whom are parties to this suit).  (*Id.* ¶ 10.)[3]

13.     Plaintiff claims that thereafter it expended money in preparation for the possibility that it might have the chance to mine the coal pursuant to the right of first refusal (*id.* ¶¶ 12-18) based on what Plaintiff characterizes as CNX's president's observation that the right of first refusal had been executed, *i.e.*, that "the deal was done and had been approved." (*Id.* ¶ 13;  *see, e.g., id.* ¶ 18 (alleging that CNX's president "acknowledg[ed] [to Plaintiff's president] the validity of the contract between plaintiff and defendants");  *see also id.* ¶ 30 (asserting that money spent was "associated with [Plaintiff's] anticipated performance of the contract").)

14.     Notwithstanding Plaintiff's own admission that the contract was *only* for a "first right of refusal," it is apparent from Plaintiff's Complaint that it has confused a *right of first refusal* (where the *grantor* decides whether to do the underlying transaction, subject only to the grantee's right to first refuse to participate) with an *option* (where the grantor conveys to the *grantee* the right to decide whether to do the underlying transaction). (*See, e.g., id.* ¶ 9 ("Should *plaintiff* choose within the 24-month period to mine the property . . . .") (emphasis added)).

15.     As even Plaintiff has noted, however, the "contract" in this case was only a right of first refusal, which gave Plaintiff *no* right to the Corporate Defendants' realty.

---

[3]     The Corporate Defendants accept solely for the purposes of removal and any motion to dismiss that there was a "contract." The Corporate Defendants do not, however, admit for the purposes of this litigation that the right of first refusal was part of any legally enforceable contract.

## Plaintiff Has Failed to Plead Fraud With Particularity

16.     Plaintiff has failed to plead fraud against the Individual Defendants with particularity.[4] In paragraph 27 of the Complaint, Plaintiff gives five acts that it claims constitute fraud.  But none of these allegations meets the requirements of FED. R. CIV. P. 9(b).  Plaintiff alleges that the Individual Defendants' (he does not say which ones) conduct includes:

a.      Causing and directing Mr. Stanhagen to make repeated representations to Mr. Justice to the effect that plaintiff's contract with defendants CNX Land and Consol would be honored by those defendants when, in fact, they knew or should have known that CNX Land and Consol had no intention of honoring the contract,

b.      Causing another employee of CNX Land to misrepresent to the plaintiff the true nature of the contract with the plaintiff,

c.      Directing Mr. Stanhagen and other employees of CNX Land to misrepresent the true nature of the contract with the plaintiff to both the plaintiff and third parties,

d.      Ratifying misrepresentations made by employees of CNX Land and Consol as to the nature of the contract with plaintiff, and as to CNX Land's and Consol's intentions with regard to performance of the contract,

e.      Engaging in a scheme to cause CNX Land and Consol to disavow their responsibilities pursuant to the contract with the plaintiff when they knew or should have known that breach of the contract was an illegal and wrongful act.

(Compl. ¶ 27.)

17.     Plaintiff has failed to allege how Mr. Stovash "caused" or "directed" Mr. Stanhagen.  (*Id.* ¶ 27(a).)  Plaintiff has failed to allege what "repeated representations" Stanhagen allegedly fraudulently made at Mr. Stovash's direction, or where or when such representations

---

[4]     State and federal rules are the same as to this question. *See Min. Co. Ltd. P'ship v. Oxy USA, Inc.,* 202 W. Va. 169, 171, 503 S.E.2d 258, 260 (1998) (Workman, J., concurring) (looking to FED. R. CIV. P. 9 to interpret W. VA. R. CIV. P. 9); *Painter v. Peavy,* 192 W. Va. 189, 192 n.6, 451 S.E.2d 755, 758 n.6 (1994) ("Because the West Virginia Rules of Civil Procedure are practically identical to the Federal Rules, we give substantial weight to federal cases, especially those of the United States Supreme Court, in determining the meaning and scope of our rules.").

were made. (*Id.*)  Plaintiff goes so far as to use facially unparticularized language, like alleging only that representations were "to the effect that" the Corporate Defendants would perform the right of first refusal. (*Id.*)  Plaintiff has failed to allege how Stovash knew or should have known that the Corporate Defendants would—in Plaintiff's view—breach the contract. (*Id.*)

18.  Plaintiff has failed to allege how Mr. Stovash "caused" another employee of CNX to misrepresent to Plaintiff what Plaintiff mischaracterizes "the true nature of the contract." (*Id.* ¶ 27(b).)  Nor does Plaintiff allege who this "other employee" is, or how, when, or where such misrepresentation was allegedly made at Mr. Stovash's direction. (*Id.*)

19.  Plaintiff has failed to allege how Mr. Stovash "directed" Mr. Stanhagen and other employees of CNX to misrepresent "the true nature of the contract." (*Id.* ¶ 27(c).)  Plaintiff has failed to allege who the "other employees" even are. (*Id.*)  And Plaintiff has failed to allege the identity of the "third parties." (*Id.*)  Plaintiff has failed to allege how Mr. Stovash "ratified" any alleged misrepresentations made by CNX or CONSOL employees. (*Id.* ¶ 27(d).)  Plaintiff has failed to allege *anything* about these "misrepresentations" (*id.*), much less when and where they were made, or by which "CNX or Consol employees" (*id.*).

20.  Plaintiff has failed to allege how Mr. Stovash engaged in a "scheme" to cause the Corporate Defendants to "disavow their responsibilities pursuant to the contract." (*Id.* ¶ 27(e).)  Plaintiff has failed to allege the nature of or anything else about "scheme." (*Id.*)  Plaintiff has failed to allege how Mr. Stovash supposedly "knew or should have known" that the Corporate Defendants would, in Plaintiff's mistaken view, breach the contract. (*Id.*)

21.  Rule 9(b) required Plaintiff to allege, but it has wholly failed to allege, the speaker, time, place, and content of the allegedly false statement.[5]

---

[5]  *United States v. ex rel. Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 784 (4th Cir. 1999).  Furthermore, where (as here) there are multiple defendants, Rule 9(b) required Plaintiff to

22.     Simply put, Plaintiff's claim for fraud lacks even so much as a shred of specificity, but instead consists precisely of the very kinds of baseless shotgun allegations that Rule 9 was designed to proscribe.

23.     Because Plaintiff's complaint fails to allege fraud with particularity, it cannot possibly prevail against any of the Individual Defendants, including Defendant Stovash.

### Plaintiff Has Failed to State a Claim of Fraud As a Matter of Law

24,     Even accepting Plaintiff's misstated and unparticularized allegations against Mr. Stovash, all Plaintiff argues is that Stovash allegedly represented that the Corporate Defendants would perform their obligations under the contract as they read that contract.

25.     But one party's unilateral mistake in misunderstanding the meaning of a contract does not make a fraud out of the other party's representation that it (or the other party's principal or some third party) intends to perform the contract according to *its* interpretation, especially where that interpretation is the objectively reasonable meaning.[6]

---

state "all claims with particularity *as to each of the defendants*" and "identif[y] *each individual defendant's participation.*" *Adams v. NVR Homes, Inc.*, 193 F.R.D. 243, 250, 251 (D. Md. 2000) (emphasis added).

[6]     *See, e.g., Strum v. Exxon Co., U.S.A., a Div. of Exxon Corp.*, 15 F.3d 327, 329-30 (4th Cir. 1994) (cautioning courts to reject plaintiffs' common efforts to "tort-ify" vanilla breach of commercial contract); *Gen. Elec. Capital Corp. v. DirectTV*, 94 F. Supp. 2d 190, 202 (D. Conn. 1999) (finding "nothing more" than breach of contract where "plaintiff allegedly misrepresented or led defendants to believe that they were performing the contract in order to induce defendants to continue their contractual obligations"); syl. pt. 9, *Lockhart v. Airco Heating & Cooling, Inc.*, 211 W. Va. 609, 567 S.E.2d 619 (2002) ("Tort liability of the parties to a contract arises from the breach of some positive legal duty imposed by law because of the relationship of the parties, *rather than from a mere omission to perform a contract obligation. An action in tort will not arise for breach of contract unless the action in tort would arise independent of the existence of the contract.*") (emphasis added); *Grynberg v. Questar Pipeline Co.*, 70 P.3d 1, 14 (Utah 2003) (Utah law "bars a fraudulent performance claim:  failure to properly perform a duty assigned by the contract is a breach of that contract and nothing more."); *Unifoil Corp. v. Cheque Printers & Encoders, Ltd.*, 622 F. Supp. 268, 271 (D.N.J. 1985) (New Jersey law prohibits "fraud claims when the 'fraud contemplated by the plaintiff . . . does not seem to be extraneous to the contract, but rather on fraudulent performance of the contract itself ") (citation omitted); *Johnson v. Ventra Group, Inc.*, 191 F.3d 732, 744 (6th Cir. 1999) (affirming grant of summary judgment on claim that defendant "induce[d] Plaintiff to continue performing his contract" in part because such a claim does not state cause of action for fraud).

26.    Additionally, the Complaint states that the Plaintiff knew on or before July 17, 2005, of the facts surrounding its claim of alleged fraud.  (Compl. ¶¶ 24-25.)  The Statute of Limitations for fraud in West Virginia is two years.  *See* W. VA. CODE § 55-2-12.  This civil action was filed in the Circuit Court of McDowell County on August 1, 2007.  As such, any claim for fraud against Defendant Stovash is time-barred as a matter of law.

27.    Under any standard, Plaintiff cannot possibly state a claim under West Virginia law against Defendant Stovash.  The Court is therefore free to disregard Mr. Stovash's residence.

WHEREFORE, Defendants CNX Land Resources, Inc., CONSOL Energy, Inc., Peter B. Lilly, and J. Brett Harvey respectfully advise and hereby notify you that this action has been removed to the United States District Court for the Southern District of West Virginia as provided by law and that the state action is barred from proceeding.

Dated this 6th day of September 2007.

CNX LAND RESOURCES, INC.,
CONSOL ENERGY INC.,
PETER B. LILLY, *and* J BRETT HARVEY,
By Counsel

s/Steven P. McGowan
Steven P. McGowan (W. Va. Bar No. 2460)
Robert L. Bailey (W. Va. Bar No. 8902)
P.O. Box 1588
Charleston, W. Va. 25326-1588
Voice: 304.353.8000
Fax: 304.353.8180
*Counsel for Defendants*

**STEPTOE & JOHNSON PLLC**
*Of Counsel*

8

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
At Bluefield

BLUESTONE COAL CORPORATION,

     *Plaintiff,*

*v.*

                                        1:07-CV- *1:07-0549*

                                 Removed Case No. 07-C-216-S
                                 From the Circuit Court of
                               McDowell County, West Virginia

CNX LAND RESOURCES, INC.,
CONSOL ENERGY INC.,
PETER B. LILLY,
J BRETT HARVEY, *and*
RONALD G. STOVASH,

     *Defendants.*

## CERTIFICATE OF SERVICE

     I hereby certify that on the 6th day of September 2007, I served the foregoing *Notice of Removal* on all counsel of record, by depositing a true copy thereof in the United States mail, postage prepaid, in an envelope addressed as follows:

     Paul T. Tucker, Esq.
     BACHMANN, HESS, BACHMANN & GARDEN, P.L.L.C.
     1226 Chapline Street
     P.O. Box 351
     Wheeling, WV 26003

                                     s/Steven P. McGowan

# EXHIBIT
# 1

Case 1:07-cv-00549   Document 1   Filed 09/06/07   Page 11 of 39 PageID #: 11

```
                    CASE 07-C-216          MCDOWELL

BLUESTONE COAL CORPORATION      vs. CNX LAND RESOURCES INC.


LINE   DATE    ACTION

    1 08/01/07   COMPLAINT FILED AND SUMMONSES ISSUED 30 DAYS SOS ON BEHALF OF
    2            CNX LAND RESOURCES INC., CONSOL ENERGY INC., PETER B. LILLY,
    3            AND J. BRETT LILLY. AND 30 DAYS CERTIFIED, RETURN RECEIPT, AND
    4            RESTRICTED DELIVERY ON BEHALF OF RONALD G. STOVASH. COPY OF
    5            THE SUMMONSES PLACED IN FILE.
    6 08/10/07   GREEN RETN RECEIPT CARD SIGNED BY STEPHANIE STOVASH OBO RONALD
    7            G. STOVASH ON 08/09/07 FILED.
    8 08/22/07   SUMMONS RETD ACCEPTED BY SOS OBO CNX LAND RESOURCES INC. ON
    9            08/08/07 WITH GREEN RETN RECEIPT CARD SIGNED BY SHARON R. BARTH
   10            OBO CNX LAND RESOURCES, INC. FILED.
   11 08/22/07   SUMMONS RETD ACCEPTED BY SOS OBO CONSOL ENERGY INC. ON 08/08/07
   12            WITH GREEN RETN RECEIPT CARD SIGNED BY SHARON R. BARTH OBO
   13            CONSOL ENERGY INC. ON 08/10/07 FILED.
   14 08/22/07   SUMMONS RETD ACCPETED BY SOS OBO PETER B. LILLY ON 08/08/07 WITH
   15            GREEN RETN RECEIPT CARD SIGNED BY G. HELF OBO PETER B. LILLY
   16            FILED.
   17 08/22/07   SUMMONS RETD ACCPETED BY SOS OBO J. BRETT HARVEY ON 08/08/07
   18            WITH GREEN RETN RCEIPT CARD SIGNED BY G. HELF OBO J. BRETT
   19            HARVEY FILED.
   20 08/28/07   NOTICE OF BONA FIDE DEFENSE FILED.
```

# EXHIBIT
# 2

## SUMMONS
### CIRCUIT COURT OF MCDOWELL COUNTY, WEST VIRGINIA

BLUESTONE COAL CORPORATION
        PLAINTIFF,
        VS.                            CIVIL ACTION NO.  07-C-216
                                       JUDGE:  BOOKER T. STEPHENS
        CNX LAND RESOURCES INC.
                DEFENDANT.

To the above named Defendant:

    RONALD G. STOVASH

    49 SUNSET BEACH ROAD

    MORGANTOWN, WV 26508



IN THE NAME OF THE STATE OF WEST VIRGINIA, you are hereby Summoned

and required to serve upon PAUL T. TUCKER, plaintiff's attorney, whose address is P.O.

BOX 351, 1226 CHAPLINE STREET, WHEELING, WV 26003, an answer including any

related counterclaim you may have to the complaint filed against you in the above civil

action, a true copy of which is herewith delivered to you.  You are required to serve your

answer within  30  days after service of this summons upon you, exclusive of the day of

service.  If you fail to do so, judgment by default will be taken against you for the relief

demanded in the complaint and you will be thereafter barred from asserting in another action

any claim you may have which must be asserted by counterclaim in the above style civil

action.

                                        _____Michael Brooks_____
                                          CLERK OF COURT

Dated: August 01, 2007

                    BY:_____

                            CHIEF DEPUTY CLERK

**SENDER: COMPLETE THIS SECTION**

- Complete items 1 \_\_ nd 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

RONALD G. STOVASH
49 SUNSET BEACH ROAD
MORGANTOWN, WV  26508

07-C-216-S

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _Stephanie Stovash_     ☐ Agent
                          ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery
_Stephanie Stovash_    _8-7-07_

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:       ☐ No

3. Service Type
☐ Certified Mail       ☐ Express Mail
☑ Registered           ☑ Return Receipt for Merchandise
☐ Insured Mail         ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number
(Transfer from service label)    7006 2150 0000 9284 6679

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

## SUMMONS
### CIRCUIT COURT OF MCDOWELL COUNTY, WEST VIRGINIA

BLUESTONE COAL CORPORATION
           . PLAINTIFF,

   VS.               CIVIL ACTION NO.  07-C-216
                    JUDGE:  BOOKER T. STEPHENS
    CNX LAND RESOURCES INC.
           DEFENDANT.

To the above named Defendant:

    PETER B. LILLY

    1800 WASHINGTON ROAD

    PITTSBURGH, PA  15241



     IN THE NAME OF THE STATE OF WEST VIRGINIA, you are hereby Summoned and required to serve upon PAUL T. TUCKER, plaintiff's attorney, whose address is P.O. BOX 351, 1226 CHAPLINE STREET, WHEELING, WV 26003, an answer including any related counterclaim you may have to the complaint filed against you in the above civil action, a true copy of which is herewith delivered to you.  You are required to serve your answer within   30  days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint and you will be thereafter barred from asserting in another action any claim you may have which must be asserted by counterclaim in the above style civil action.

                                  Michael Brooks
                                  CLERK OF COURT

Dated: August 01, 2007

                      BY:_____
                           CHIEF DEPUTY CLERK

**OFFICE OF THE SECRETARY OF STATE**
STATE OF WEST VIRGINIA



**Betty Ireland**
Secretary of State

Building 1, Suite 157-K
1900 Kanawha Blvd., East
Charleston, West Virginia 25305
Telephone: 304-558-6000
Toll Free: 866-SOS-VOTE
www.wvsos.com

# LEGAL NOTICE

Michael D. Brooks, Circuit Clerk
McDowell County Courthouse
Box 400
Welch, WV  24801-0400

August 20, 2007

Civil Action: 07-C-216

I am enclosing:

| | | | |
|---|---|---|---|
| ___ summons | _1_ original | |
| ___ notice | ___ affidavit | |
| ___ order | ___ answer | |
| ___ petition | ___ cross-claim | |
| ___ motion | ___ counterclaim | |
| ___ interrogatories | ___ request | |
| ___ suggestions | _1_ certified return receipt | |
| ___ subpoena duces tecum | ___ request for production | |
| ___ summons and complaint | ___ request for admissions | |
| ___ summons returned from post office | ___ no return from post office | |
| ___ summons and amended complaint | ___ notice of mechanic's lien | |
| ___ 3rd party summons and complaint | ___ suggestee execution | |

which was served on the Secretary at the State Capitol in her capacity as your statutory attorney-in-fact.  According to law, I have accepted service of process in the name and on behalf of Peter B. Lilly.

*Please note that this office has no connection whatsoever with the enclosed documents other than to accept service of process in your name and on your behalf as your attorney-in-fact.  Please address any questions about these documents directly to the court or to the plaintiff's attorney, shown in the enclosed paper.  Please do not call the Secretary of State's office.*

Sincerely,

*Penney Barker*

Penney Barker, Manager
Business & Licensing Division

## SUMMONS

CIRCUIT COURT OF MCDOWELL COUNTY, WEST VIRGINIA

BLUESTONE COAL CORPORATION
                      PLAINTIFF,
           VS.                          CIVIL ACTION NO.  07-C-216
                                        JUDGE:  BOOKER T. STEPHENS
        CNX LAND RESOURCES INC.
                      DEFENDANT.

To the above named Defendant:

        PETER B. LILLY

        1800 WASHINGTON ROAD

        PITTSBURGH, PA  15241


        IN THE NAME OF THE STATE OF WEST VIRGINIA, you are hereby Summoned

and required to serve upon PAUL T. TUCKER, plaintiff's attorney, whose address is P.O.

BOX 351, 1226 CHAPLINE STREET, WHEELING, WV 26003, an answer including any

related counterclaim you may have to the complaint filed against you in the above civil

action, a true copy of which is herewith delivered to you.  You are required to serve your

answer within  30  days after service of this summons upon you, exclusive of the day of

service.  If you fail to do so, judgment by default will be taken against you for the relief

demanded in the complaint and you will be thereafter barred from asserting in another action

any claim you may have which must be asserted by counterclaim in the above style civil

action.


                                        Michael Brooks
                                        CLERK OF COURT

Dated: August 01, 2007

                            BY
                                        CHIEF DEPUTY CLERK

eager-off



2. Article Number

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖

7140 3901 9845 0901 1105

3. Service Type   CERTIFIED MAIL

4. Restricted Delivery? (Extra Fee)   ☐ Yes

1. Article Addressed to:

07-C-216

Peter B. Lilly
1800 Washington Road
Pittsburgh, PA  15241

A. Received by (Please Print Clearly)    B. Date of Delivery

C. Signature

X

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:        ☐ No

☐ Agent
☐ Addressee

PS Form 3811, January 2005          Domestic Return Receipt

## SUMMONS
### CIRCUIT COURT OF MCDOWELL COUNTY, WEST VIRGINIA

BLUESTONE COAL CORPORATION
                    PLAINTIFF,
        VS.                         CIVIL ACTION NO.  07-C-216
                                    JUDGE:  BOOKER T. STEPHENS
        CNX LAND RESOURCES INC.
                    DEFENDANT.

To the above named Defendant:



    CONSOL ENERGY INC.

    c/o CT CORPORATION SYSTEM

    707 VIRGINIA STREET EAST

    CHARLESTON, WV 25301


        IN THE NAME OF THE STATE OF WEST VIRGINIA, you are hereby Summoned

and required to serve upon PAUL T. TUCKER, plaintiff's attorney, whose address is P.O.

BOX 351, 1226 CHAPLINE STREET, WHEELING, WV 26003, an answer including any

related counterclaim you may have to the complaint filed against you in the above civil

action, a true copy of which is herewith delivered to you.  You are required to serve your

answer within   30   days after service of this summons upon you, exclusive of the day of

service.  If you fail to do so, judgment by default will be taken against you for the relief

demanded in the complaint and you will be thereafter barred from asserting in another action

any claim you may have which must be asserted by counterclaim in the above style civil

action.

                                    _____Michael Brooks_____
                                        CLERK OF COURT

Dated: August 01, 2007

                            BY:_____
                                    CHIEF DEPUTY CLERK

**OFFICE OF THE SECRETARY OF STATE**
STATE OF WEST VIRGINIA



**Betty Ireland**
Secretary of State

Building 1, Suite 157-K
1900 Kanawha Blvd., East
Charleston, West Virginia 25305
Telephone: 304-558-6000
Toll Free: 866-SOS-VOTE
www.wvsos.com

# LEGAL NOTICE

Michael D. Brooks, Circuit Clerk
McDowell County Courthouse
Box 400
Welch, WV  24801-0400

August 20, 2007

Civil Action: 07-C-216

I am enclosing:

| | | | |
|---|---|---|---|
| _____ | summons | __1__ | original |
| _____ | notice | _____ | affidavit |
| _____ | order | _____ | answer |
| _____ | petition | _____ | cross-claim |
| _____ | motion | _____ | counterclaim |
| _____ | interrogatories | _____ | request |
| _____ | suggestions | __1__ | certified return receipt |
| _____ | subpoena duces tecum | _____ | request for production |
| _____ | summons and complaint | _____ | request for admissions |
| _____ | summons returned from post office | _____ | no return from post office |
| _____ | summons and amended complaint | _____ | notice of mechanic's lien |
| _____ | 3rd party summons and complaint | _____ | suggestee execution |

which was served on the Secretary at the State Capitol in her capacity as your statutory attorney-in-fact.  According to law, I have accepted service of process in the name and on behalf of Consol Energy Icn..

*Please note that this office has no connection whatsoever with the enclosed documents other than to accept service of process in your name and on your behalf as your attorney-in-fact.  Please address any questions about these documents directly to the court or to the plantiff's attorney, shown in the enclosed paper.  Please do not call the Secretary of State's office.*

Sincerely,

*Penney Barker*

Penney Barker, Manager
Business & Licensing Division

## SUMMONS
### CIRCUIT COURT OF MCDOWELL COUNTY, WEST VIRGINIA

BLUESTONE COAL CORPORATION
                    PLAINTIFF,
           VS.                          CIVIL ACTION NO. 07-C-216
                                        JUDGE: BOOKER T. STEPHENS
           CNX LAND RESOURCES INC.
                    DEFENDANT.

**To the above named Defendant:**

   **CONSOL ENERGY INC.**

   **c/o CT CORPORATION SYSTEM**

   **707 VIRGINIA STREET EAST**

   **CHARLESTON, WV 25301**


   IN THE NAME OF THE STATE OF WEST VIRGINIA, you are hereby Summoned

and required to serve upon PAUL T. TUCKER, plaintiff's attorney, whose address is P.O.

BOX 351, 1226 CHAPLINE STREET, WHEELING, WV 26003, an answer including any

related counterclaim you may have to the complaint filed against you in the above civil

action, a true copy of which is herewith delivered to you. You are required to serve your

answer within  30  days after service of this summons upon you, exclusive of the day of

service. If you fail to do so, judgment by default will be taken against you for the relief

demanded in the complaint and you will be thereafter barred from asserting in another action

any claim you may have which must be asserted by counterclaim in the above style civil

action.

                                            Michael Brooks
                                            CLERK OF COURT

Dated: August 01, 2007

                                        BY:
                                            CHIEF DEPUTY CLERK

2. Article Number

7160 3901 9845 0901 1112

3. Service Type   CERTIFIED MAIL

4. Restricted Delivery? (Extra Fee)   ☐ Yes

1. Article Addressed to:

07-C-216

Consol Energy Icn.

C. T. Corporation System

P.O. Box 951

Charleston, WV  25323

COMPLETE THIS SECTION ON DELIVERY

A. Received by (Please Print Clearly)   B. Date of Delivery

Steven R. Barth   8-10-07

C. Signature   Steven R. Barth

☐ Agent
☐ Addressee

D. Is delivery address different from Item 1?   ☐ Yes
If YES, enter delivery address below:   ☐ No

PS Form 3811, January 2005        Domestic Return Receipt

# SUMMONS
CIRCUIT COURT OF MCDOWELL COUNTY, WEST VIRGINIA

BLUESTONE COAL CORPORATION
                    PLAINTIFF,
        VS.                          CIVIL ACTION NO. 07-C-216
                                     JUDGE: BOOKER T. STEPHENS
        CNX LAND RESOURCES INC.
                    DEFENDANT.

To the above named Defendant:

        CNX LAND RESOURCES INC.

        c/o CT CORPORATION SYSTEM

        707 VIRGINIA STREET EAST

        CHARLESTON, WV 25301



        IN THE NAME OF THE STATE OF WEST VIRGINIA, you are hereby Summoned

and required to serve upon PAUL T. TUCKER, plaintiff's attorney, whose address is P.O.

BOX 351, 1226 CHAPLINE STREET, WHEELING, WV 26003, an answer including any

related counterclaim you may have to the complaint filed against you in the above civil

action, a true copy of which is herewith delivered to you. You are required to serve your

answer within  30  days after service of this summons upon you, exclusive of the day of

service. If you fail to do so, judgment by default will be taken against you for the relief

demanded in the complaint and you will be thereafter barred from asserting in another action

any claim you may have which must be asserted by counterclaim in the above style civil

action.

                                    _____Michael Brooks_____
                                          CLERK OF COURT

Dated: August 01, 2007

                            BY:_____
                                        CHIEF DEPUTY CLERK

## OFFICE OF THE SECRETARY OF STATE
### STATE OF WEST VIRGINIA



**Betty Ireland**
Secretary of State

Building 1, Suite 157-K
1900 Kanawha Blvd., East
Charleston, West Virginia 25305
Telephone: 304-558-6000
Toll Free: 866-SOS-VOTE
www.wvsos.com

# LEGAL NOTICE

Michael D. Brooks, Circuit Clerk
McDowell County Courthouse
Box 400
Welch, WV  24801-0400

August 20, 2007

Civil Action: 07-C-216

I am enclosing:

| | | |
|---|---|---|
| ____ summons | __1__ | original |
| ____ notice | ____ | affidavit |
| ____ order | ____ | answer |
| ____ petition | ____ | cross-claim |
| ____ motion | ____ | counterclaim |
| ____ interrogatories | ____ | request |
| ____ suggestions | __1__ | certified return receipt |
| ____ subpoena duces tecum | ____ | request for production |
| ____ summons and complaint | ____ | request for admissions |
| ____ summons returned from post office | ____ | no return from post office |
| ____ summons and amended complaint | ____ | notice of mechanic's lien |
| ____ 3rd party summons and complaint | ____ | suggestee execution |

which was served on the Secretary at the State Capitol in her capacity as your statutory attorney-in-fact.  According to law, I have accepted service of process in the name and on behalf of CNX Land Resources Inc..

*Please note that this office has no connection whatsoever with the enclosed documents other than to accept service of process in your name and on your behalf as your attorney-in-fact.  Please address any questions about these documents directly to the court or to the plaintiff's attorney, shown in the enclosed paper.  Please do not call the Secretary of State's office.*

Sincerely,

*Penney Barker*

Penney Barker, Manager
Business & Licensing Division

## SUMMONS
### CIRCUIT COURT OF MCDOWELL COUNTY, WEST VIRGINIA

BLUESTONE COAL CORPORATION
            PLAINTIFF,

VS.                         CIVIL ACTION NO. 07-C-216
                            JUDGE: BOOKER T. STEPHENS
      CNX LAND RESOURCES INC.
            DEFENDANT.

**To the above named Defendant:**

    **CNX LAND RESOURCES INC.**

    **c/o CT CORPORATION SYSTEM**

    **707 VIRGINIA STREET EAST**

    **CHARLESTON, WV 25301**


IN THE NAME OF THE STATE OF WEST VIRGINIA, you are hereby Summoned

.UL T. TUCKER, plaintiff's attorney, whose address is P.O.

TREET, WHEELING, WV 26003, an answer including any

 have to the complaint filed against you in the above civil

s herewith delivered to you.  You are required to serve your

 service of this summons upon you, exclusive of the day of

judgment by default will be taken against you for the relief

l you will be thereafter barred from asserting in another action

h must be asserted by counterclaim in the above style civil

```
      WV Secretary of State
..................................
Receipt #:                   682338
Station ID:                   - M01

List Of Services
..................................
:o s   s  cnx land           $80.00

Total:                       $80.00

Payment Details:
..................................
bachmann hess
k  15933                     $80.00
..................................
Original Transaction Date:  08/06/2007
    Thank You For Your Business!
```

Dated: August 01, 2007

Michael Brooks
CLERK OF COURT

BY:

CHIEF DEPUTY CLERK

2. Article Number

||||| |||| |||| |||| |||| |||| |||| |||| ||||

7160 3901 9845 0901 1129

| A. Received by (Please Print Clearly) | B. Date of Delivery |
|---|---|
| Sharon S. Bash | 8-10-07 |

COMPLETE THIS SECTION ON DELIVERY

C. Signature

X _Sharon R. Bash_    ☐ Agent   ☐ Addressee

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type   CERTIFIED MAIL

4. Restricted Delivery? (Extra Fee)   ☐ Yes

1. Article Addressed to:

07-C-216

CNX Land Resources Inc.
C. T. Corporation System
P.O. Box 951
Charleston, WV  25323

PS Form 3811, January 2005          Domestic Return Receipt

## SUMMONS
### CIRCUIT COURT OF MCDOWELL COUNTY, WEST VIRGINIA

BLUESTONE COAL CORPORATION
    PLAINTIFF,
 VS.      CIVIL ACTION NO.  07-C-216
         JUDGE:  BOOKER T. STEPHENS
  CNX LAND RESOURCES INC.
    DEFENDANT.



To the above named Defendant:

 **J. BRETT HARVEY**

 **1800 WASHINGTON ROAD**

 **PITTSBURGH, PA  15241**


  IN THE NAME OF THE STATE OF WEST VIRGINIA, you are hereby Summoned

and required to serve upon PAUL T. TUCKER, plaintiff's attorney, whose address is P.O.

BOX 351, 1226 CHAPLINE STREET, WHEELING, WV 26003, an answer including any

related counterclaim you may have to the complaint filed against you in the above civil

action, a true copy of which is herewith delivered to you.  You are required to serve your

answer within  30  days after service of this summons upon you, exclusive of the day of

service.  If you fail to do so, judgment by default will be taken against you for the relief

demanded in the complaint and you will be thereafter barred from asserting in another action

any claim you may have which must be asserted by counterclaim in the above style civil

action.

       _____Michael Brooks_____
        CLERK OF COURT

Dated: August 01, 2007

      BY:_____

        CHIEF DEPUTY CLERK

## OFFICE OF THE SECRETARY OF STATE
### STATE OF WEST VIRGINIA



**Betty Ireland**
**Secretary of State**

Building 1, Suite 157-K
1900 Kanawha Blvd., East
Charleston, West Virginia 25305
Telephone: 304-558-6000
Toll Free: 866-SOS-VOTE
www.wvsos.com

# LEGAL NOTICE

Michael D. Brooks, Circuit Clerk
McDowell County Courthouse
Box 400
Welch, WV 24801-0400

August 20, 2007

Civil Action: 07-C-216

I am enclosing:

| | | | | |
|---|---|---|---|---|
| _____ | summons | __1__ | original | |
| _____ | notice | _____ | affidavit | |
| _____ | order | _____ | answer | |
| _____ | petition | _____ | cross-claim | |
| _____ | motion | _____ | counterclaim | |
| _____ | interrogatories | _____ | request | |
| _____ | suggestions | __1__ | certified return receipt | |
| _____ | subpoena duces tecum | _____ | request for production | |
| _____ | summons and complaint | _____ | request for admissions | |
| _____ | summons returned from post office | _____ | no return from post office | |
| _____ | summons and amended complaint | _____ | notice of mechanic's lien | |
| _____ | 3rd party summons and complaint | _____ | suggestee execution | |

which was served on the Secretary at the State Capitol in her capacity as your statutory attorney-in-fact. According to law, I have accepted service of process in the name and on behalf of J. Brett Harvey.

*Please note that this office has no connection whatsoever with the enclosed documents other than to accept service of process in your name and on your behalf as your attorney-in-fact. Please address any questions about these documents directly to the court or to the plaintiff's attorney, shown in the enclosed paper. Please do not call the Secretary of State's office.*

Sincerely,

Penney Barker

Penney Barker, Manager
Business & Licensing Division

## SUMMONS
### CIRCUIT COURT OF MCDOWELL COUNTY, WEST VIRGINIA

BLUESTONE COAL CORPORATION
                    PLAINTIFF,
VS.                          CIVIL ACTION NO. 07-C-216
                             JUDGE: BOOKER T. STEPHENS
CNX LAND RESOURCES INC.
                    DEFENDANT.

**To the above named Defendant:**

    J. BRETT HARVEY

    1800 WASHINGTON ROAD

    PITTSBURGH, PA 15241


IN THE NAME OF THE STATE OF WEST VIRGINIA, you are hereby Summoned and required to serve upon PAUL T. TUCKER, plaintiff's attorney, whose address is P.O. BOX 351, 1226 CHAPLINE STREET, WHEELING, WV 26003, an answer including any related counterclaim you may have to the complaint filed against you in the above civil action, a true copy of which is herewith delivered to you. You are required to serve your answer within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint and you will be thereafter barred from asserting in another action any claim you may have which must be asserted by counterclaim in the above style civil action.

Dated: August 01, 2007

                                       Michael Brooks
                                       CLERK OF COURT

                              BY:
                                    CHIEF DEPUTY CLERK

2. Article Number

7160 3901 9845 0902 3099

**COMPLETE THIS SECTION ON DELIVERY**

A. Received by (Please Print Clearly)

B. Date of Delivery

C. Signature

X

☐ Agent
☐ Addressee

D. Is delivery address different from Item 1?    ☐ Yes
   If YES, enter delivery address below:          ☐ No

3. Service Type  CERTIFIED MAIL

4. Restricted Delivery? *(Extra Fee)*   ☐ Yes

1. Article Addressed to:

07-C-216

J. Brett Harvey
1800 Washington Road
Pittsburgh, PA  15241

PS Form 3811, January 2005            Domestic Return Receipt

# EXHIBIT
# 3

IN THE CIRCUIT OF MCDOWELL COUNTY, WEST VIRGINIA

BLUESTONE COAL CORPORATION,

      Plaintiff,

vs.                                          Civil Action No. 07-C-216-S

CNX LAND RESOURCES INC.,
CONSOL ENERGY INC.,
PETER B. LILLY,
J. BRETT HARVEY, AND
RONALD G. STOVASH,

      Defendants.

## COMPLAINT

Plaintiff Bluestone Coal Corporation, by counsel, states the following for its Complaint against defendants CNX Land Resources, Inc., Consol Energy, Inc., Peter B. Lilly, J. Brett Harvey, and Ronald G. Stovash.

1.     Plaintiff Bluestone Coal Corporation ("Bluestone") is a West Virginia corporation with its principal place of business in Raleigh County, West Virginia.

2.     Defendant CNX Land Resources Inc. ("CNX Land") is a Pennsylvania corporation with its principal place of business in Allegheny County, Pennsylvania. CNX Land is a wholly owned subsidiary of defendant Consol Energy Inc.

3.     Defendant Consol Energy Inc. ("Consol") is a Pennsylvania corporation with its principal place of business in Allegheny County, Pennsylvania.

1

4.     At all times relevant, defendant Peter B. Lilly was Chief Operating Officer-Coal of defendant Consol. Defendant Lilly is a citizen of the State of Pennsylvania.

5.     At all times relevant, defendant J. Brett Harvey was President and Chief Executive Officer of defendant Consol. Defendant Harvey is a citizen of the State of Pennsylvania.

6.     At all times relevant, defendant Ronald G. Stovash was Senior Vice-President of defendant Consol. Defendant Stovash is a citizen of the State of West Virginia.

7.     Venue exists in this Court in that this is an action affecting land and minerals located in McDowell County, West Virginia; the defendants do business in McDowell County, West Virginia; and the cause of action arose, in whole or in part, in McDowell County, West Virginia.

8.     This action is filed in compliance with all applicable statutes of limitation.

9.     On June 2, 2003, plaintiff and defendants CNX Land and Consol entered into a contract whereby, inter alia, plaintiff acquired a 24-month first right of refusal to mine all tons of coal 8 seam and above on property owned or leased by defendant Consol or its subsidiary within a 71/2 mile radius of Bishop, West Virginia. Should plaintiff choose within the 24-month period to mine the property, it would notify defendants CNX Land and Consol of its intention to do so and would thereafter pay said defendants a 6% royalty on all clean coal tons mined on the subject property.

10.     This contract was negotiated between James C. Justice, II, President of Bluestone Coal Corporation, and William D. Stanhagen, President of CNX, and was signed at 1800 Washington Road, Pittsburgh, Pennsylvania.

11.     Following execution of the contract, plaintiff repeatedly requested access to the property and repeatedly requested information necessary for plaintiff to determine whether and to

2

what extent there was mineable coal on the property. All such requests for information and access were ignored and refused by defendants CNX Land and Consol.

12.     Failing to obtain the necessary information in a timely fashion, Mr. Justice numerously contacted Mr. Stanhagen and received assurances that the transaction had been approved and signed off on by the senior management of defendant Consol. In reliance on those representations, plaintiff began to expend money on consultants and equipment needed to ascertain the extent of mineable coal on the property, and to commit the time and resources of its staff to the project. Additionally, significant expenditures were made in general operations due to the assurances which were given.

13.     The information and access needed from defendants CNX Land and Consol was not provided, and again Mr. Justice discussed the matter with Mr. Stanhagen during a meeting in Pittsburgh, Pennsylvania, on October 9, 2003. Again, Mr. Stanhagen provided assurances that the deal was done and had been approved by the senior management of defendant Consol. During that meeting the parties executed a supplement to the original contract regarding other aspects of the contract not subject to this dispute. That supplement reflected, "All Bishop loadout and reserves with[in] 7 ½ miles of Bishop as per agreement June 2, 2003, still apply."

14.     On or about October 27, 2003, Mr. Justice and Mr. Stanhagen again spoke concerning this contract, and again Mr. Stanhagen assured Mr. Justice that all necessary approvals had been obtained and that Mr. Stanhagen would provide the necessary information to plaintiff's engineering group in order that it could proceed.

15.     Again, on or about November 5, 2003, Mr. Justice received assurances from Mr. Stanhagen that the contract was in full force and effect and would proceed as agreed.

3

16.     In entering into the contract and in making these representations, Mr. Stanhagen, as President of defendant CNX Land, had the authority to bind CNX Land and its parent corporation, defendant Consol, and acted with both apparent and actual authority to bind his principal.

17.     In connection with this contract, defendants CNX Land and Consol acted as joint venturers rendering them jointly liable to the plaintiff.

18.     In the last week of April 2004, Mr. Stanhagen again made representations to Mr. Justice acknowledging the validity of the contract between plaintiff and defendants CNX Land and Consol, and assuring Mr. Justice of his intention to provide the information necessary to consummate the transaction.

19.     From the fall of 2004, until a most recent request made in March 2007, plaintiff repeatedly corresponded with representatives of the defendants CNX Land and Consol seeking access to the property and information needed to exercise its contract rights. Defendants have failed to respond to these requests.

20.     The behavior of defendants CNX Land and Consol as alleged throughout the Complaint obstructed and interfered with plaintiff's ability to exercise its rights under the contract.

21.     Had defendant CNX Land and Consol acted in conformance with their contractual obligations, plaintiff would have exercised its right to mine the subject coal.


### COUNT ONE - BREACH OF CONTRACT

22.     By refusing to comply with the terms of the contract of June 2, 2003, as confirmed by the supplemental understanding of October 9, 2003, defendants CNX Land and Consol have breached their contract with the plaintiff.

4

23.     As a result of this breach of contract, plaintiff has suffered catastrophic economic damages in that it has been prohibited from the benefit of its bargain, it has suffered damages to general operations, and it has further incurred incidental and consequential damages due to the breach.

## COUNT TWO - FRAUD

24.     By letter dated July 19, 2005, the only written reply ever received to plaintiff's repeated inquiries, a representative of the defendants fraudulently attempted to re-characterize plaintiff's contract with the defendants as something other than what it was.

25.     In subsequent conversations, Mr. Stanhagen admitted to Mr. Justice that the characterization of the transaction contained in the letter of July 19, 2005, was fraudulent, and that the management of Consol knew it was fraudulent.

26.     Mr. Stanhagen further told Mr. Justice that Mr. Stanhagen, and other employees and agents of the defendants, were told to misrepresent the truth concerning the transaction with the plaintiff.

27.     Defendants Lilly, Harvey, and Stovash, in actions which occurred within two years prior to the filing of this Complaint, directed, sanctioned, or participated in these wrongful acts, including fraud. The fraudulent acts committed by these individual defendants included, but were not limited to, the following:

    a.      Causing and directing Mr. Stanhagen to make repeated representations to Mr. Justice to the effect that plaintiff's contract with defendants CNX Land and Consol would be honored by those

5

defendants when, in fact, they knew or should have known that CNX

Land and Consol had no intention of honoring the contract;

b.    Causing another employee of CNX Land to misrepresent to the

plaintiff the true nature of the contract with the plaintiff,

c.    Directing Mr. Stanhagen and other employees of CNX Land to

misrepresent the true nature of the contract with the plaintiff to both

the plaintiff and third parties,

d.    Ratifying misrepresentations made by employees of CNX Land and

Consol as to the nature of the contract with plaintiff, and as to CNX

Land's and Consol's intentions with regard to performance of the

contract,

e.    Engaging in a scheme to cause CNX Land and Consol to disavow

their responsibilities pursuant to the contract with the plaintiff when

they knew or should have known that breach of the contract was an

illegal and wrongful act.

28.    Defendants Lilly, Harvey, and Stovash willingly participated in the foregoing acts of

fraud and deceit, thereby rendering them personally liable to plaintiff under West Virginia law.

Bowling v. Ansted Chrysler-Plymouth-dodge, Inc., 188 W.Va. 468, 425 S.E.2d 144 (1992).

29.    Defendant Consol likewise participated in the foregoing wrongful acts, and it acted

in concert with defendants Lilly, Harvey, and Stovash to perpetrate the fraud on plaintiff.

30.    Plaintiff has relied upon these misrepresentations to its detriment in that it incurred

costs and expenses associated with its anticipated performance of the contract, and it directed its

6

employees to devote time and resources to the anticipated performance of the contract.

31.    The fraudulent acts of the defendants Lilly, Harvey, Stovash, and Consol, collectively and individually, were malicious, willful, wanton, and taken in reckless disregard of their civil obligations, such as to justify an award of punitive damages.

32.    As a result of these defendants' fraudulent conduct, plaintiff has suffered damages as further elaborated below.

## DAMAGES

33.    As a result of all of the foregoing, plaintiff has sustained damages as follows:

a.    the benefit of its bargain,

b.    loss of income and profits,

c.    incidental and consequential damages,

d.    attorneys' fees and litigation expenses, and

e.    such other damages as the trier of fact may determine.

WHEREFORE, plaintiff prays for judgment against defendants, jointly and severally, in the amount of Eight Hundred Million Dollars ($800,000,000.00) in compensatory damages, plus interest, attorney's fees, costs and expenses. Plaintiff further prays for judgment for punitive damages in a multiplied amount to be determined by the trier of fact.

7

PLAINTIFF DEMANDS A TRIAL BY JURY.

Of Counsel for Plaintiff

PAUL T. TUCKER, ESQ.
W.Va. State Bar No. 3811
BACHMANN, HESS, BACHMANN
 & GARDEN, P.L.L.C.
1226 Chapline Street
P.O. Box 351
Wheeling, WV 26003
(304) 233-3511

8