```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                     AT BLUEFIELD
```

BLUESTONE COAL CORPORATION,

    Plaintiff,

v.                                         CIVIL ACTION NO. 1:07-00549

CNX LAND RESOURCES, INC.,
and CONSOL ENERGY, INC.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

Pending before the court is defendants' fourth motion to compel. (Doc. # 198). In that motion they move for an order compelling the production of the work file of plaintiff's expert, Richard DuCarme. The court has considered the briefs filed by the parties on this issue as well as the deposition of Mr. DuCarme which it has read in its entirety. For reasons expressed more fully below that motion is GRANTED in part and DENIED in part.

## Analysis

On March 19, 2009, defendants served DuCarme with a "Notice of Videotape Deposition Duces Tecum of Richard DuCarme" which requested that the deponent bring with him for inspection and copying "[a] complete copy of his work file including but not limited to, correspondence, notes, spreadsheets, work papers, memos or any other document of any type whatsoever prepared by or relied upon by him in the preparation of his report in this matter."

Mr. DuCarme's deposition took place on April 23, 2009. According to defendants, Mr. DuCarme did not bring all documents which he was required to bring.  Specifically, defendants contend that Mr. DuCarme did not bring: 1) the engagement letter; 2) his billing file; 3) email correspondence between DuCarme and plaintiff's counsel, 4) certain documents, deposition transcripts, pleadings, and reports provided to DuCarme by plaintiff's counsel; and 5) information possessed by others in DuCarme's organization who helped in preparation of the expert report.

       1.    *The engagement letter*

Defendants are correct that Mr. DuCarme did not bring his engagement letter to the deposition.  However, it was produced in discovery on January 15, 2009, well before DuCarme's deposition occurred.  Accordingly, defendants have suffered no prejudice by Mr. DuCarme's failure to bring it to the deposition.

       2.    *The billing file*

As to the billing file, defendants contend that it is necessary to have access to the billing records and invoices in order to determine the compensation paid to DuCarme.  Bluestone argues that disclosure of DuCarme's billing rate in his expert report and production of the engagement letter, which provides the billing rate, is sufficient to comply with its discovery obligations.

Fed. R. Civ. P. 26(a)(2)(B)(vi) requires that an expert's report include "a statement of the compensation to be paid for the study and testimony in the case." Defendants argue that the term "compensation" means something different than "billing rate" and, relying on two district court cases from New York, claim entitlement to DuCarme's invoices and billing records. See Amster v. River Capital International Group, LLC, 2002 WL 2031614 (S.D.N.Y. 2002) (unpublished); County of Suffolk v. Long Island Lighting Co., 122 F.R.D. 120 (E.D.N.Y. 1998). The cases cited by defendants do not support defendants' contention that they have a right of access to DuCarme's billing records and/or invoices. Rather, they support the notion that defendants can discover the total amount of compensation DuCarme received from plaintiff.

It is well-settled that the amount of an expert's compensation is relevant to bias. Cf. Sprinkle v. Davis, 111 F.2d 925, 931 (4th Cir. 1940) (fact that witness is employed by a party to a lawsuit relevant to show bias); see also Porter v. Hamilton Beach/Proctor Silex, Inc., 2003 WL 22385679, *1 (W.D. Tenn. 2003) ("It is well-settled that examining an expert's compensation is relevant to bias and is permissible."). Although defendants have not made a specific showing of their need for the total amount of compensation paid to DuCarme and LitCon Group, the court will order the disclosure of this information to move this case along. Accordingly, it is hereby ORDERED that plaintiff shall provide to

defendants, within ten (10) days of receipt of this Memorandum Opinion and Order, a statement of the total compensation paid to Mr. DuCarme and LitCon Group in connection with this litigation.[1] Furthermore, plaintiff shall update this information at the time of trial.

        3.    *Correspondence between DuCarme and counsel*

Fed. R. Civ. P. 26(a)(2)(B)(ii) requires the disclosure of "the data or other information considered" by an expert witness in forming his opinions. Given this direction, a number of courts have adopted a bright-line rule requiring that any information provided to testifying experts must be disclosed. See, e.g., Regional Airport Authority of Louisville v. LFG, LLC, 460 F.3d 697, 715 (6th Cir. 2006) ("We agree with the district court and the majority view that Rule 26 now requires disclosure of all information provided to testifying experts."). The Fourth Circuit has held that "draft expert reports prepared by counsel and provided to testifying experts, and attorney-expert communications that explain the lawyer's concept of the underlying facts, or his view of the opinions expected from such experts, are not entitled to protection under the work product doctrine." Elm Grove Coal Co. v. Director, Office of Workers' Comp. Programs, 480 F.3d 278, 303 (4th Cir. 2007).

---

[1] This is information that defendants might have discovered had they asked it of Mr. DuCarme at his deposition.

4

The court has not seen the correspondence between DuCarme and plaintiff's counsel. Accordingly, it will reserve ruling on this issue until after it has reviewed the documents at issue. Plaintiff is ORDERED to provide the documents with Bates labels BCC 18751 - BCC 18754 and BCC 18828 - BCC 18834 to the undersigned so that the court may review them in camera.

    4.    *Documents, deposition transcripts, pleadings, and reports received by DuCarme*

During his deposition, Mr. DuCarme testified that he had received a number of additional documents after his expert report was prepared. DuCarme Depo, April 23, 2009, pp. 19-21. These documents included the expert reports of Mr. Riley and Mr. Weiss, a notice of deposition, and the deposition transcripts of Harrah, Lusk, Wright, and Justice. See id. at 19-20. Mr. DuCarme testified that he had reviewed these additional materials even though he did not bring them with him to the deposition. See id. at 23-24. It further appears that these documents are not included in Mr. DuCarme's written list of those documents considered by him in rendering his opinion. See BCC 16423 (attached as Exhibit C to Plaintiff's Response to Defendants' Fourth Motion to Compel). While the court can discern no harm suffered by defendants by DuCarme's failure to bring these documents to his deposition, within ten days of entry of this Memorandum Opinion and Order, plaintiff is directed to have Mr. DuCarme update his "Documents Considered" listing to include any

and all additional materials he has received and reviewed in the course of his engagement and to provide this updated list to defendants.  Any additional supplementation shall be in accordance with the Federal and Local Rules of Civil Procedure.

      5.     *Information possessed by others at LitCon*

In the course of his deposition, Mr. DuCarme testified that he was assisted in the preparation of his report by the following LitCon employees: Mr. DiLucente, Mr. Dowd, Mr. Murray, and Mr. Crum (perhaps).  DuCarme Depo, April 23, 2009, pp. 11-12. Mr. DuCarme further testified that, to the best of his knowledge, his working file included any notes, memoranda, or other documents generated by the aforementioned persons.  See id. at 12.  DuCarme stated that he had gone to these people to make sure he had all their information.  See id.

As part of the basis for his opinion, Mr. DuCarme and his fellow LitCon employees talked to a number of Bluestone employees. Mr. DuCarme knew that he had talked to Tom Lusk, Steve Ball, Dave Harrah, Zack Wright, and the receptionist.  See id. at 17-18.  Mr. DuCarme could not be certain that these were the only Bluestone employees interviewed.  See id. at 16-17.

A fair reading of Mr. DuCarme's deposition makes clear that he relied on interviews of various Bluestone employees in arriving at his opinions.  Accordingly, defendants are entitled to know the identities of those individuals who were interviewed.

For this reason, defendants will be permitted to ascertain the identities of any additional persons by tendering interrogatories to Mr. DiLucente, Mr. Dowd, Mr. Murray, and Mr. Crum. Said interrogatories should be limited to discovering the identities of those Bluestone employees who were interviewed by LitCon in the preparation of its expert report.[2]

### Conclusion

For the reasons discussed above, the court VACATES the referral to Magistrate Judge VanDervort of defendants' fourth motion to compel (doc. # 132). That motion is GRANTED in part and DENIED in part.

The Clerk is directed to send copies of this Memorandum Opinion and Order to all counsel of record and to Magistrate Judge VanDervort.

**IT IS SO ORDERED** this 1st day of July, 2009.

ENTER:

David A. Faber
Senior United States District Judge

---

[2] The parties are reminded of their duty to confer, in person or by telephone, to resolve any further discovery disputes. See L. R. Civ. P. 37.1(b).